## HOUSTON v. CINCINNATI, M. & L. TRAC. CO.

1. MISCONDUCT OF COUNSEL MUST BE SHOWN BY THE RECORD.

   Misconduct of counsel for the prevailing party in his remarks to the jury cannot be considered as ground of error, unless it has been properly brought into the record.

2. ERROR CANNOT BE PREDICATED UPON TESTIMONY THAT COULD HAVE BEEN ANTICIPATED.

   Error cannot be predicated upon accident or surprise with reference to testimony offered by the opposite side, where a fair interpretation of the testimony complained of discloses nothing which could not have been anticipated.

ERROR to Hamilton common pleas.

**A. A. Ferris,** for plaintiff in error.

**Thorne Baker,** for defendant in error.

**SMITH, J.**

The grounds of error relied upon by counsel for plaintiff in error are:

First.   Misconduct of counsel of the prevailing party in his remarks while addressing the jury.

Second.   Accident and surprise which ordinary prudence could not guard against.

Third.   That the verdict was against the weight of the evidence.

Fourth.   That the charge of the court was such as to mislead or confuse the jury.

As to the first ground of error, if there was misconduct of counsel of the prevailing party in his remarks to the jury, such ground cannot be considered by this court under the case of *State* v. *Young,* 77 Ohio St. 529 [83 N. E. Rep. 898], as the same is not properly brought upon the record.

The accident or surprise complained of relates to the claim of the plaintiff in error that the testimony of the motorman tended to show

Houston v. Traction Co.

that there were curtains on the sides of his vestibule which he had down, when as a matter of fact upon investigation the vestibule had no side ·curtains.

We do not think this ground of error is well taken, as the motorman in describing the vestibule of his car on the night of the accident says: ·"It was a closed vestibule car. I had my curtains down, center and sides, and my right hand door was open as I had just turned the switch at Sixth and Broadway." This answer is very plain and can only refer to the curtain in the center of the car at the door opening into his vestibule, and the two curtains on each side of the center door.

As to the claim that the verdict and judgment is against the weight ·of the evidence, this was for the jury to determine, and we cannot say that the verdict is wrong on this account.

We see no error in the general charge of the court as complained of by plaintiff in error, whereby the jury was misled or confused on the question of negligence or contributory negligence, and·there being no ·errors in the record, the judgment of the trial court is affirmed.

**Swing** and **Giffin, JJ.,** concur.